**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIA TERESA ARACENA<br>Plaintiff,<br><br>- against –<br><br>FINCA FRESH MARKET LLC., AND RICHARD VERA<br><br>Defendants | Case No.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Maria Teresa Aracena, by and through her undersigned attorneys, hereby files this Complaint against Finca Fresh Market, LLC, ("Defendant Finca"), and Richard Vera ("Defendant Vera"), (Collectively "Defendants") and states as follows:

## INTRODUCTION

1. Maria Teresa Aracena brings this action to recover unpaid wages and other damages arising from Defendants' violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Throughout her employment as a cashier and store attendant, Ms. Aracena worked more than 70 hours per week, yet Defendants failed to pay her all wages lawfully due, including minimum wages, spread of hours and overtime compensation.

2. Ms. Aracena repeatedly complained to Defendants about their failure to properly compensate her for the hours she worked. In or about May 2026 Defendant Vera began renovations at the store and directed Ms. Aracena to remain home until the renovations were completed. Shortly thereafter, on May 19, 2026, Defendants terminated Ms. Aracena's employment after she complained about her payment.

3. Maria Teresa Aracena alleges, pursuant to the Fair Labor Standard Act ("FLSA") 29 U.S.C. §216(b), New York State Human Rights Law, Executive Law §290 et seq., New York City Human Rights Law ("NYCHRL") N.Y.C. Admin. Code § 8-101 *et seq.*, that she is entitled to recover from Defendants declaratory relief, unpaid wages, liquidated damages, compensatory

damages, punitive damages, interest, attorneys' fees and costs, and other appropriate legal and equitable relief.

4. Maria Teresa Aracena alleges, pursuant to the New York Labor Law ("NYLL"), that she is entitled to recover from Defendants declaratory relief, unpaid wages, liquidated damages, interest, attorneys' fees and costs, and other appropriate legal and equitable relief pursuant to the NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7. Maria Teresa Aracena is a natural person and resident of New York County, New York.
8. Defendant Finca is a domestic limited liability company located at 1506 Saint Nicholas Avenue New York, NY 10033.
9. Defendant Vera is the principal of Defendant Finca.

10. At all times relevant to this action, Defendants were Ms. Aracena's employers pursuant to the FLSA and NYLL.

11. At all times relevant to this action, Ms. Aracena was an employee of Defendants pursuant to FLSA and NYLL.

12. Defendant Finca had gross revenues in excess of $500,000.00.

## STATEMENT OF FACTS

## Defendants Employed Maria Teresa Aracena

13. Defendant Finca is a grocery store that sells food and household items.

14. On or about June 2023 Defendant Vera hired Ms. Aracena as a cashier/store attendant.

15. Ms. Aracena's duties included among other things operating the cash register, cleaning the store, packing merchandise, maintaining inventory, cutting meat, restocking refrigerators, organizing produce, washing the store's machines and equipment, sweeping and mopping the floors, among other things.

16. Defendant Vera is the principal of Defendant Finca.

17. Defendant Vera had the power to hire and fire employees.

18. Defendant Vera supervised and controlled Ms. Aracena's work schedules and other conditions of employment.

19. Defendant Vera determined Aracena's rate and method of payment.

20. Defendant Vera directed Ms. Aracena's' work by way of example he indicated her work schedule, among other things.

21. Defendant Vera issued payment in cash every week to Ms. Aracena.

22. Upon information and belief, Defendant Vera maintains employment records.

## Defendants Failed to Pay Maria Teresa Aracena Proper Wages

23. From June 2023 through July 2024, Ms. Aracena worked from 8:00 a.m. to 8:00 p.m., six days per week.

24. During this period, Defendants paid Ms. Aracena a fixed salary of $400.00 per week.

25. From July 2024 through May 2026, Ms. Aracena continued to work from 8:00 a.m. to 8:00 p.m., six days per week.

26. During this period, Defendants paid Ms. Aracena a fixed salary of $600.00 per week.

27. Throughout her employment, Ms. Aracena worked no less than 12 hours per day and 72 hours per week.

28. Ms. Aracena was not provided with a lunch break during her workday.

29. Despite working approximately 72 hours per week, Ms. Aracena was not fully compensated for all hours worked.

30. Defendants failed to pay Ms. Aracena the applicable minimum wage for all hours worked.

31. Defendants also failed to pay Ms. Aracena overtime compensation at one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week.

32. Ms. Aracena made multiple requests to Defendant Vera for an increase in her pay, but her requests were ignored.

33. Ms. Aracena was not fully compensated for the work she performed.

34. Defendants failed to provide notice of wages or wage statements as required by law. Accordingly, Finca violated the FLSA and NYLL.

35. Defendants failed to properly pay Ms. Aracena the minimum wage.

36. Defendants failed to properly pay Ms. Aracena overtime rate of pay.

**Defendants Retaliated against Ms. Aracena**

37. On May 13, 2026, Defendant Vera told Ms. Aracena that he wanted to expand the business and that he was getting a new refrigerator.

38. Ms. Aracena suffers from asthma.

39. On May 14, 2026, Ms. Aracena reported to work and observed that the store was filled with dust and construction tools as a result of the ongoing construction.

40. Because of her asthma and the dusty conditions in the store, Ms. Aracena told Defendant Vera that she could not work under those conditions.

41. Defendant Vera sent Ms. Aracena home and told her that he would call her to tell her when she could return to work.

42. Ms. Aracena worked only four days during the week of May 13, 2026. Defendant Vera sent her home for the remainder of the week because of the construction conditions and did not compensate her for the days she was unable to work.

43. On May 19, 2026, Ms. Aracena contacted Jose Luis, an employee of Defendant Vera who delivered the payment every week to Ms. Aracena.

44. Ms. Aracena asked Jose Luis about the outstanding payment from the prior week that she had worked.

45. Jose Luis told Ms. Aracena that Defendant Veras was not in the store but that he would tell him about the payment.

46. Jose Luis sent Ms. Aracena $400.00 via Zelle.

47. Ms. Aracena asked Jose Luis why he only sent her $400.00 when the reason she did not work was not her fault, but because of the construction taking place at the store.

48. Jose Luis told Ms. Aracena that Defendant Vera authorized him to only send her $400.00 dollars.

49. On May 19, 2026, Ms. Aracena complained to Defendant Vera that she had not been properly paid, including that she had not been paid for six days during which she was unable to work through no fault of her own.

50. Ms. Aracena also sent Defendant Vera a voicemail complaining that she had not been paid correctly.

51. Shortly after Ms. Aracena complained about her wages, Jose Luis, called Ms. Aracena, asked her to return the keys, and informed her that she no longer worked for Defendants.

52. Defendants terminated Ms. Aracena's employment shortly after she complained about the failure to properly pay her wages.

53. Defendants retaliated against Ms. Aracena for complaining about and requesting payment of wages owed to her by terminating her employment.

**Defendants' Actions Violated the FLSA and the NYLL**

54. The provisions set forth in the FLSA and supporting federal regulations apply to Defendants and protect Plaintiff.

55. The wage provisions of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiff.

56. The work performed by Plaintiff was non-exempt as defined by the FLSA, NYLL and the implementing regulations.

57. Plaintiff was neither responsible for, nor allowed to make, relevant decisions regarding policy, procedures, or protocol.

58. Plaintiff was subject to the control, policies, and procedures of Defendants in making decisions in the course of their employment.

59. Defendants were aware of the number of hours that Plaintiff worked each week.

60. Defendants were aware of the hours that Plaintiff worked but failed to ensure that he was paid for all hours worked.

61. Defendants did not pay Plaintiff for the work performed.

62. Plaintiff is entitled to be paid for all hours they worked for Defendants.

63. Plaintiff is entitled to be paid (i) at their regular rate of pay for all hours worked less than forty (40) in a week, and (ii) the greater of one and a half times the minimum wage or their regular rate of pay for each hour worked in excess of forty (40) hours in any workweek pursuant to the FLSA, NYLL and the implementing regulations.

64. Defendants failed to pay Plaintiff an extra hour of pay at the minimum wage rate for each day that his workday ended more than ten (10) hours after it began (spread of hours pay), as required by NYLL and its implementing regulations.

65. Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

66. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, NYLL and the implementing regulations as detailed in this Complaint.

67. Defendants failed to give Plaintiff a written notice of any credits as required by the NYLL and the implementing regulations.

68. Defendants failed to post and/or keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U. S. Department of Labor in violation of FLSA §203(m) and supporting regulations, including but not limited to 29 CFR §516.4.

69. At all relevant times, Defendants failed to post and/or keep posted in places regularly assessable to Plaintiff notices issued by the Department of Labor about wage and hour laws, tip appropriations, illegal deduction provisions and any other labor laws that the Commissioner shall deem appropriate, in violation of 12 NYCRR §142-2.8.

70. Defendants are not entitled to any credits to the minimum wage.

71. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

72. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in the Complaint are unlawful. Defendants had not made a good faith effort to comply with the FLSA and NYLL with respect to the compensation of Plaintiff.

73. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to FLSA §225.

74. Plaintiff was and is entitled to be paid for all hours he worked for Defendants.

75. At all relevant times, Defendants failed to post and/or keep posted in places regularly assessable to Plaintiff "notices issued by the Department of Labor about statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions, and net wages. in violation of 12 N.Y.C.R.R. §142.2.7.

**FIRST CAUSE OF ACTION**

**Violation of the Fair Labor Standards Act**
**Failure to Pay Overtime**

76. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.

77. Defendants failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours in a work week.

78. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for hours worked in excess of forty (40) hours per workweek in violation of 29 U.S.C. §§206 and 207.

79. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in the Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

80. As a result of Defendants' FLSA violations, Plaintiff has suffered damages, specifically overtime wages, in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to, liquidated damages, prejudgment interest, post-judgement interest, attorneys' fees, costs, and other compensation pursuant 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Fair Labor Standards Act**
**Retaliation**

81. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.

82. It is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or has served or is about to serve on an industry committee." FLSA §215(a)(3).

83. As outlined above, Defendants engaged in unlawful actions by retaliating against Plaintiffs by among other things terminating Plaintiff.

84. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to liquidated damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to FLSA §216(b).

## THIRD CAUSE OF ACTION

**New York Labor Law**
**Failure to Pay Wages**

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. Manual workers are required to be paid all wages within one week of work pursuant to §191(a).

87. Defendants willfully failed to pay Plaintiff all wages as defined in NYLL § 190 (1).

88. Defendants are required to pay Plaintiff his regular rate of pay for all hours worked.

89. Defendants were required to pay Plaintiff at least the minimum wage at a rate of (a) $15.00 per hour for all hours worked from December 31, 2018 through the December 30, 2023; (b) $16.00 December 31, 2023 through December 31, 2024 and (c) $16.50 per hour for all hours worked from December 31, 2024 through December 31, 2025 d) $17.00 per hour for all hours worked from December 31, 2025 through the present under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to 12 N.Y.C.R.R. §141-1.3, 12 N.Y.C.R.R §142-2.1 or 12 N.Y.C.R.R §146-1.2.

90. By Defendants' knowing or intentional failure to pay Plaintiff minimum hourly wages, they have willfully violated the NYLL Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

91. Through their knowing or intentional failure to pay hourly wages to Plaintiff, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

92. As a result of Defendants' willful and unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to the NYLL.

## FOURTH CAUSE OF ACTION

**Violation of New York Labor Law**
**Failure to Pay Overtime**

93. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.

94. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

95. Defendants failed to pay Plaintiff's overtime wages to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor regulations.

96. Through its knowing and/or intentional failure to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week, Defendants have willfully violated the NYLL Article 19, §§650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to 12 NYCRR §141-1.4, 12 NYCRR §142-2.2 or 12 NYCRR §146-1.4.

97. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to liquidated damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§198 and 652.

**FIFTH CAUSE OF ACTION**

**Violation of The New York Labor Law**
**Spread of Hours Pay**

98. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.

99. Defendants willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the minimum hourly wage rate for each day on which they worked more than ten (10) hours.

100. Through Defendants' failure to pay Plaintiff, Defendants willfully violated NYLL Article 19, §§650 *et seq*. and the supporting New York State Department of Labor regulations.

101. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, prejudgment interest, post-judgment interest and other compensation pursuant to NYLL §§198(1-a) and 663.

**SIXTH CAUSE OF ACTION**

**New York Labor Law**
**Notice & Wage Statement Violations**

102. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.

103. Defendants have willfully failed to supply Plaintiff with the notice required by NYLL §195(1), in English or in the languages identified by Plaintiff (in their primary language), containing their "rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

104. Defendants failed to post, in a conspicuous place in their establishments, notices issued by the Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations, including but not limited to, the regulations in 12 N.Y.C.R.R. §141-2.3, 12 N.Y.C.R.R. §142-2.8 or 12 N.Y.C.R.R. §146-2.4.

105. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL §195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

106. Defendants failed to furnish with every payment of wages to Plaintiff a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum

hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §142-2.7.

107. Due to Defendants' violations of NYLL §195(1) and supporting regulations, Plaintiff is each entitled to $50 for each workweek in which the violations occurred or continue to occur, or a total of $5,000.00 as provided for by NYLL §198(1)-b, as well as reasonable attorneys' fees, costs and injunctive and declaratory relief.

108. Due to Defendants' violations of NYLL §195(3) and supporting regulations, Plaintiff is each entitled to recover from Defendants $250.00 for each week worked on or after April 9, 2011, in which the violations occurred or continue to occur, or a total of $5,000.00, as provided for by NYLL §198(1)-d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of minimum unpaid wages and overtime compensation due under the FLSA, NYLL, 22 NYCRR Part 141 and the settlement agreement;

d. An award of liquidated and/or punitive damages as a result of Defendant' willful failure to pay minimum wage and overtime compensation pursuant to FLSA and NYLL §§ 198 (1-a) 663 and the settlement agreement;

e. An award of damages for notice and wage statement violations pursuant to NYLL § 195;

f. An award of prejudgment and post judgment interest pursuant to the FLSA and NYLL §§ 198(1-a) and 663;

g. An award of such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: Bronx, NY
August 20, 2026

Respectfully submitted,

By: *_/s/ Delmas A. Costin, Jr._*

Delmas A. Costin, Jr., Esq.
The Law Ofc. Of Delmas A. Costin, Jr., PC.
930 Grand Concourse
Suite 1B
Bronx, NY 10451
Tel: (718) 618-0589
Fax: (347) 510-0099
dacostin@dacostinlaw.com

*Attorneys for Maria Teresa Aracena*